# United States Court of Appeals for the Fifth Circuit

---

No. 24-10993
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL RAFAEL RAYOS, JR.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-54-1

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Miguel Rafael Rayos, Jr., appeals his conviction of possessing a controlled substance with the intent to distribute it following the drug-related death of his roommate. He challenges the denial of his motion to suppress the evidence.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10993

This court engages in a two-step inquiry when reviewing the denial of a defendant's motion to suppress involving a search warrant.[1]  The court initially decides whether the good-faith exception to the exclusionary rule applies; if the good-faith exception applies, the court can affirm the denial of the motion to suppress without further inquiry.[2]  If the good-faith exception is inapplicable, the court proceeds to the second step and reviews whether the issuing judge had a substantial basis for determining that probable cause existed for the search.[3]

"[T]he determination of the reasonableness of a law enforcement officer's reliance upon a warrant issued by a magistrate for purposes of determining the applicability of the good-faith exception to the exclusionary rule" is a legal question that we review de novo.[4]  The pertinent question in determining the applicability of the good-faith exception is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."[5]  An officer's reliance on a warrant is not objectively reasonable and, therefore, he is not entitled to invoke the good-faith exception if, relevant here, the affidavit upon which the warrant is founded is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and is thus a "bare bones" affidavit.[6]

---

[1] *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010).

[2] *Id.*

[3] *Id.*

[4] *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017) (internal quotation marks, ellipsis, and citation omitted) (quoting *United States v. Cherna*, 184 F.3d 403, 406-07) (5th Cir. 1999)).

[5] *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984).

[6] *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks, ellipsis, and citation omitted).

No. 24-10993

The affidavit in this case does not fall within the examples of a bare bones affidavit because it contains more than wholly conclusory statements.[7] Rather, it provides facts and circumstances from which a magistrate could determine probable cause.[8] Although Rayos argues that each of the facts presented in the affidavit are not inherently suspicious, this court has rejected such a piecemeal analysis of an affidavit.[9] The information contained in the affidavit provided sufficient information for the magistrate to determine whether there was a probability that contraband or evidence would be in locations to be searched.[10] The magistrate's determination that there was probable cause to issue the warrant was supported by the totality of the facts contained in the affidavit, which permitted the magistrate to reasonably infer a probability that illegal drug use played a role in the death of Rayos's roommate and that there was a probability that the house or cars would contain contraband or evidence of a drug-related criminal act.[11]

Given the facts presented in the affidavit and scope of the search authorized by the warrant, a reasonably well-trained officer would have had no reason to know that the search was illegal despite the magistrate's authorization.[12] Because the good-faith exception applies, the district court

———————————————

[7] *See United States v. Morton*, 46 F.4th 331, 336-37 (5th Cir. 2022) (en banc).

[8] *See id.*; *United States v. Satterwhite*, 980 F.2d 317, 321 n.5 (5th Cir. 1992).

[9] *See Morton*, 46 F.4th at 339.

[10] *Satterwhite*, 980 F.2d at 321 n.5.

[11] *See United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987); *Morton*, 46 F.4th at 339; *Satterwhite*, 980 F.2d at 321 n.5.

[12] *See United States v. Leon*, 468 U.S. 897, 922 n.23 (1984).

3

No. 24-10993

did not err by denying the motion to suppress the evidence.[13] Consequently, the judgment is AFFIRMED.

---

[13] *See id.*; *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017); *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010).